Entered on Docket
September 06, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: September 6, 2019

*M. Elaine Hammond*

**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re                                                    ) Case No. 18-51883 MEH
                                                         )
LEEANNA DODSON MARTINEZ,                                  ) Chapter 13
                                                         )
                                                         )
                                                         )
                                    Debtor(s).            )
_____                  )
                                                         ) Adv. No. 18-05071
LEEANNA DODSON MARTINEZ,                                  )
                                                         )
                        Plaintiff.                       )
                                                         )
v.                                                       )
                                                         )
NAVISCENT, LLC.,                                          ) Date:  06/24/19
                                                         ) Time:  1:00 p.m.
                        Defendant.                       ) Ctrm:  11 (3020)
_____                  )

## MEMORANDUM DECISION RE MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Leeanna Martinez ("Plaintiff" or "Martinez") brought a motion for summary judgment against Defendant Naviscent, LLC ("Defendant" or "Naviscent") seeking a determination that the Temporary Protective Order ("TPO") and Writ of Attachment ("Writ") obtained by Defendant prepetition are void *ab inito*. Defendant opposed the motion. Following hearing, the court issued an oral ruling denying the request for summary judgment

on the basis that the TPO and Writ are voidable, not void. This oral ruling included a statement that modification of the stay to allow the state court to make further findings on the validity of the Writ may be appropriate.

Plaintiff then brought this Motion to Alter or Amend Judgment Pursuant to Federal Rule of Bankruptcy Procedure 9023 (the "Motion"), along with a motion seeking relief from stay to return to state court. Defendant opposed the Motion and filed a competing motion for stay relief. At an initial hearing on the Motion, the court determined that further findings on the validity of the Writ are appropriately made by the bankruptcy court, therefore, rendering stay relief unnecessary. Following the initial hearing, the parties filed supplemental briefs incorporating their arguments on (1) altering the prior ruling on the Motion and (2) amending the prior ruling regarding the validity of the Writ. Following hearing, the matter was taken under submission.

The court hereby denies the request to alter its prior ruling as to whether the Writ is void or voidable as a matter of law. Further, the court finds that laches bars Plaintiff from voiding the TPO and Writ based on Defendant's failure to post an undertaking.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

*Background*

The facts are well-known to the parties and summarized as follows:

1. Prior to Martinez filing her chapter 13 case, Naviscent filed a complaint initiating a state court action against Martinez in Santa Clara Superior Court. On April 24, 2018, Naviscent filed an ex parte request for a TPO and writ of attachment. That day, a TPO was issued but the request for a writ of attachment was denied.

2. On April 30, 2018, Naviscent filed a second ex parte application and requested that hearing be advanced. The second application was granted and Naviscent was authorized to set a hearing on May 22, 2018. On May 9, 2018, Naviscent filed

notice of its application and hearing. On May 22, 2018, the court issued a minute order continuing the hearing to June 19, 2018.

3. Naviscent filed a second application for a right to attach order on May 31, 2018. That same day, the state court issued an order denying the request without prejudice and reset the hearing on the second application for a right to attach order to June 28, 2018.

4. On June 28, 2018, the state court issued an order authorizing the right to attach and issuance of a writ of attachment ("RTAO"). Following the hearing, the Clerk of the Superior Court for Santa Clara County issued the Writ. Naviscent did not post an undertaking prior to its issuance. The Notice of Attachment was recorded on June 29, 2018.

5. Martinez filed the underlying chapter 13 bankruptcy case on August 22, 2018. Naviscent filed a proof of claim asserting a secured claim based on the pre-petition TPO and Writ.

6. Martinez filed this adversary proceeding on December 27, 2018, asserting seven causes of action against Naviscent. The first two causes of action are the subject of the motion for summary judgment.

*Analysis*

Plaintiff seeks to alter or amend the court's Order Denying Summary Judgment pursuant to Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023. There are four grounds upon which a Rule 59(e) motion may be granted:

(1) the motion is "necessary to correct manifest errors of law or fact upon which a judgment is based,"

(2) the moving party presents "newly discovered or previously unavailable evidence,"

(3) the motion is necessary "to prevent manifest injustice,"

(4) there is an "intervening change in controlling law." *Turner v. Burlington Northern Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

A party may not use a motion to amend as a vehicle "to present a new legal theory for the first time," "to raise legal arguments which could have been raised in connection with the original motion," or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 Fed. Appx. 718 (9th Cir. 2008).

As one bankruptcy judge summarized: "initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to 'get it right' the first time and to present all the arguments which counsel believes support its position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered." *In re Armstrong Store Fixtures Corp.,* 139 B.R. 347, 350 (Bankr. W.D.Pa. 1992).

### 1. Order Denying Summary Judgment

In her motion for summary judgment, Plaintiff sought declaratory relief that the TPO and Writ obtained by Defendant prepetition were void as a matter of law. Plaintiff relied upon California Code of Civil Procedure § 489.210 and *Vershbow v. Reiner*, 231 Cal. App. 3d 879 (Cal. Ct. App. 1991). California Code of Civil Procedure § 489.210 requires the requesting party to post an undertaking prior to issuance of the TPO or Writ. The court in *Vershbow* held that strict compliance with the attachment statutes is required and a party's failure to satisfy the prerequisite of posting an undertaking rendered the writ of attachment void *ab inito*. *Id*. at 883-84. Defendant does not dispute that an undertaking was not posted prior to issuance of the TPO or Writ.

In its opposition, Defendant asserted that as a result of the California Supreme Court's subsequent decision in *People v. American Contractors Indemnity Co.*, 33 Cal. 4th 653 (2004), the continuing viability of *Vershbow* was in question. It argued that the TPO and Writ

1  are not void but voidable and that equitable defenses should result in continuing viability of

2  the TPO and Writ.

3  After taking the matter under submission, the court issued an oral ruling denying

4  summary judgment as incorporated herein.

5  The ruling was based upon the California Supreme Court's holding in *American*

6  *Contractors* that there are two forms of judicial error.  First, judicial error based on a lack of

7  "fundamental jurisdiction" is void *ab initio*.  *See American Contractors,* 33 Cal. 4th at 661

8  ("Lack of jurisdiction in its most fundamental or strict sense means an entire absence of

9  power to hear or determine the case, an absence of authority over the subject matter or the

10  parties.")  "When a court lacks jurisdiction in a fundamental sense, the ensuing judgment is

11  void and, 'vulnerable to direct or collateral attack at any time.' (*Barquis v. Merchants*

12  *Collection Assn.* (1972) 7 Cal.3d 94, 119)."  *Id.* at 660.  The second type of error, "[w]hen a

13  court has fundamental jurisdiction, but acts in excess of its jurisdiction," renders its act or

14  judgment voidable.  *Id.* at 661 (citing *In re Marriage of Goddard* 33 Cal.4th 49, 55 (2003);

15  *Conservatorship of O'Connor,* 48 Cal.App.4th 1076, 1088 (1996)).

16  Errors in excess of jurisdiction should be challenged directly, "for example by motion

17  to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the

18  judgment is final unless 'unusual circumstances were present which prevented an earlier and

19  more appropriate attack.'"  *Id.*; citing *Pacific Mut. Life Ins. Co. v. McConnell* (1955).

20  However, *American Contractors* arose in the context of statutory bail requirements,

21  not writs of attachment.  Thus, this court analyzed how broadly *American Contractors* has

22  been applied by subsequent courts.  Of the 60 most relevant cases citing *American*

23  *Contractors*, a dozen are outside of the bail requirements.   Most of the cases may not be

24  relied upon as they are unpublished decisions of the California Court of Appeals but review of

25  the analysis applied by these courts is appropriate.  The decisions also include *Avery v.*

26  *County of Santa Clara,* 2012 WL 5522554 (N.D. Cal. Nov. 13, 2012), whereby *American*

27  *Contractors* was applied to determine that the improper classification of a limited civil case

28  did not render the judgment void for purposes of claim preclusion.

Decisions applying *American Contractors* in non-bail areas included cases examining:

- Entry of default judgments;

- Application of judgment issued in excess of court's civil jurisdiction limits;

- Entry of final judgments for dismissal, or pursuant to terms of a settlement agreement, or where condition precedent not met;

- Court's ability to set aside a void judgment or correct a void judgment nunc pro tunc; and

- Court's ability to modify a prior order.

These cases span the range of litigation, including marital settlements, medical malpractice, and business disputes.

The defining element of each case is that it adopted and applied the *American Contractors's* analysis to a determination of whether the trial court's actions were void based on a lack of fundamental jurisdiction or voidable for exceeding their jurisdiction. Multiple cases involved the court's rejection of prior authority that found an order to be void, without consideration of the distinction between void and voidable. In fact, only one case declined to apply *American Contractors*. In *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.*, 23 Cal. App 5th 1013 (2018), the competing prior authority was from the California Supreme Court. As noted in footnote 4 of that decision, when faced with competing decisions from the highest court, the appeals court was constrained to follow the specific holdings of the decision most directly on point – and to the extent that the logic of *American Contractors* is inconsistent with earlier precedent, that argument is properly directed to the Supreme Court.

It is against this development in California law that the question arose of whether *Vershbow* remained good law for the proposition that a writ issued without the posting of an undertaking is void *ab inito*. Based on the clarification and direction provided by the California Supreme Court 13 years after *Vershbow* was issued, this court held that it does not. Neither party disputes that the Superior Court had jurisdiction to determine whether the TPO or Writ should be issued in the case before it. After determining issuance was appropriate, the order entered left blank the amount of undertaking required. Whether intentional or

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

accidental, this is inconsistent with the requirements of California Code of Civil Procedure § 489.210.  As such, the court exceeded its jurisdiction, rendering the TPO and Writ voidable.

Further *American Contractors* provides that errors in excess of jurisdiction should be challenged directly.  Debtor became aware of the TPO on or about April 28, 2018 and was personally served the TPO on April 30, 2018.  Debtor did not file an ex parte application or a motion to modify or vacate the TPO pursuant to California Code of Civil Procedure §486.100 at any time.  Further, she did not file a motion to set aside the RTAO or the writ, which she could have done pursuant to California Code of Civil Procedure §485.240, nor did she file an appeal. Cal. Code Civ. Proc. §904.1(a)(5).  Debtor allowed the TPO to be extended twice without objecting to the lack of an undertaking.  Debtor did not present any unusual circumstances that prevented her from an earlier, direct challenge to the TPO or Writ of Attachment.

**2.  Whether Court should alter its prior ruling regarding void or voidability of Writ?**

Plaintiff asserts three arguments for amendment of the prior ruling.  First, that the court erred in applying *American Contractors* instead of *Vershbow*.  Second, in issuing the Writ, it was the clerk not the court that acted in excess of its jurisdiction.   Third, the TPO expired prior to issuance of the Writ, so the Writ does not relate back and the attachment lien is void.

*a.  Application of California law to interpretation of attachment statutes.*

Plaintiff asserts the court committed clear error in applying *American Contractors* instead of *Vershbow* to determine whether the Writ is void.  As recognized in *Vershbow*, prior to issuance of a writ of attachment, California Code of Civil Procedure § 489.210 requires a plaintiff to "file an undertaking to pay the defendant any amount the defendant may recover for any wrongful attachment by the plaintiff in the action."  In *Vershbow*, the defendant obtained a writ of attachment without first providing the undertaking.  Unlike here, the right

to attach order issued in *Vershbow* required posting of an undertaking prior to issuance of the writ. When the validity of the writ was subsequently challenged, the court found "that the Attachment Law statutes are subject to strict construction because they are purely the creation of the Legislature." *Vershbow*, 231 Cal. App. 3d at 882. Rejecting arguments presented by the plaintiff, the court found that the plaintiff "violated section 489.210, and ignored a court order expressly requiring the posting of an undertaking," resulting in a writ that was void *ab inito*. *Id.* at 882. Since *Vershbow* was published in 1991 it has been followed without disagreement and is referenced by numerous treatises. A review of the cases decided after the California Supreme Court's 2004 decision in *American Contractors* shows that none of those cases considered whether *American Contractors* should apply – and that none of the parties raised the question.

Upon further review of this argument, the court finds that *Vershbow* is factually distinguishable from the case presented. In *Vershbow*, the court issued an order requiring posting of an undertaking in a designated amount prior to issuance of the writ. There is no dispute that the court acted within its jurisdiction in issuing an order in compliance with the statutory requirements. Despite applicant's failure to comply with the court order requiring an undertaking, the clerk issued the writ.

Here, neither the TPO nor RTAO designated the undertaking required. Instead, the applicable sections in these orders were unchecked and the dollar amounts left blank. *See* TPO ¶ 2.h., RTAO ¶ 2.i. Thus, whether *American Contractors* impliedly overruled *Vershbow* or not, the factual and legal issues presented are consistent with the California Supreme Court's analysis in *American Contractors*. The parties agree that the state court had fundamental jurisdiction to issue the TPO and RTAO. However, the court acted in excess of its jurisdiction by ordering either without requiring an undertaking to be posted. As such, the court amends its prior order to distinguish *Vershbow*. The determination remains that the Writ is voidable, not void.

As a corollary to her argument, Plaintiff asserts that she should have been provided an opportunity for additional briefing on this issue. In its opposition to summary judgment,

1  Defendant asserted that the court did not require an undertaking as the superior court judge

2  left a blank space in the TPO and RTAO. Thus, notwithstanding the statutory requirements,

3  the arguments revolved around what impact, if any, should follow from the court having not

4  stated the amount of an undertaking. Within this context, Defendant identified *American*

5  *Contractors* as providing the appropriate analysis as the superior court acted within its

6  jurisdiction, while issuing an order that did not provide a requirement for all the statutory

7  requirements. Plaintiff did not respond to this argument in her reply brief.

8       At the hearing on the motion, the court began with a tentative ruling following

9  *Vershbow*. Defendant argued *American Contractors* at length and Plaintiff sought to rebut the

10  argument based on *Vershbow*. After taking the matter under submission the court followed

11  *American Contractors*. Plaintiff argues that as the decision changed following the statement

12  of a tentative decision, she should have been granted a further opportunity to brief the issue.

13  This argument is without merit and would result in unwieldy never-ending motion practice.

14

15          *b.   Additional grounds to alter the prior ruling.*

16       In this Motion, Plaintiff asserts for the first time that issuance of the Writ without first

17  requiring an undertaking was clerk error as opposed to an error of the court. Plaintiff relies

18  extensively on the analysis provided in *Baird v. Smith*, 216 Cal. 408 (1932) (*en banc*). *Baird*

19  *v. Smith* is not directly on point as it involved premature entry of a clerk's default. More

20  importantly, Plaintiff neither cited *Baird v. Smith*, nor raised the argument of clerk error in its

21  briefing on summary judgment.

22       Plaintiff also raised for the first time the argument that the TPO expired. Her position

23  is that the TPO expired on June 4, 2018, prior to issuance of the Writ. As a result, the Writ

24  does not relate back and the attachment lien is void. (Dkt. # 34, Sec. III.H.)

25    Neither of these arguments was included in the summary judgment motion. Thus, they

26  are not properly considered on a motion to alter or amend. *See In re JSJF Corp.,* 344 B.R. at

27  103 (legal theory should not be presented for first time on motion to amend).

28

### 3. Whether equitable defenses should be applied?

The prior ruling that the TPO and Writ are voidable, not void stands.  However, at the time of the initial ruling, the court asserted that stay relief should be considered to allow the state court to determine whether equitable arguments should be applied to excuse Defendant's error or allow Defendant an opportunity to cure it.  Contemporaneous with Plaintiff's Motion, each party filed a motion seeking stay relief to return to state court for further proceedings on this question – albeit the terms of stay relief conflicted.  In reviewing this Motion and the stay relief motions, the court determined that amendment of the summary judgment order was appropriate, and the bankruptcy court should address these secondary arguments.  Each side was provided an opportunity to submit additional briefs, followed by hearing on the Motion.[1]

As the court finds that the TPO and Writ are voidable, not void, they are valid until set aside.  This may be precluded by equitable principles such as "estoppel, disfavor of collateral attack or res judicata." *American Contractors*, 33 Cal. 4th at 661. Defendant asserts several equitable arguments apply.  Plaintiff disagrees.

### a.  *Waiver due to failure to challenge TPO or Writ prior to bankruptcy filing.*

Defendant asserts that since Plaintiff failed to challenge the TPO or Writ before the Superior Court she is precluded from doing so now.  Initially, the TPO was issued on April 24, 2018, and served upon Plaintiff on April 28 and 30, 2018.  It was further extended twice during the state court proceedings.  Following application by Defendant the RTAO was issued on June 28, 2018, which authorized the issuance of a Writ of Attachment by the clerk of court.  That same date, the Clerk issued the Writ without Defendant posting an undertaking.  On June 29, 2018, the Writ was recorded.  Plaintiff filed her chapter 13 bankruptcy case on August 22, 2018.  Defendant argues that as Plaintiff did not challenge the TPO or Writ prior to filing this adversary proceeding she is precluded from doing so now.

---

[1] The underlying complaint does not include a claim to set aside the lien pursuant to 11 U.S.C. § 544(b).  Although the parties anticipate future litigation on this point, it is not a matter for this Motion.

"Waiver is the intentional relinquishment of a known right after knowledge of the facts. . . .The burden . . . is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and doubtful cases will be decided against a waiver." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 31 (1995) (citations omitted). The undisputed facts upon which Defendant relies are that Plaintiff did not challenge Defendant's failure to post an undertaking in relation to the TPO at hearings on May 22 and 31, 2018. No substantive rulings were made at either of the May hearings. Each resulted in a continuance to allow Plaintiff more time to oppose Defendant's request for relief. Debtor ultimately filed an opposition to the Writ on June 24, 2018, which did not address the undertaking. The reason it was not included is unknown. Following issuance of the Writ on June 28, 2019, Plaintiff first addressed the failure to post an undertaking in the complaint initiating this adversary proceeding. These facts do not establish by clear and convincing evidence that Plaintiff intentionally relinquished her right to assert that the Writ was void or voidable based on the failure to post an undertaking. This is particularly so where the automatic stay prohibited any act to collect by Defendant during four of the six months between issuance of the Writ and filing the complaint.

*American Contractors* is not to the contrary. There the court focused on the "rule that collateral attack on a voidable but final judgment is not available absent unusual circumstances . . . that precluded earlier challenge of the judgment. Rather, a voidable judgment must be challenged while the trial court or Court of Appeal can still correct the mistake." 33 Cal. 4th at 665. Neither party contends that the TPO or Writ is a final judgment. Finally, in *ABBA Rubber Co. v. Seaquist* 235 Cal. App. 3d 1, 11-13 (Cal. Ct. App. 1991), the court determined that substantial compliance with statutory procedure did not result in waiver. This is consistent with *Waller* and does not reduce Defendant's burden in order to establish waiver. Accordingly, the court finds that waiver does not prohibit Plaintiff from challenging the voidability of the TPO and Writ.

### b. Laches

"The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay." *Conti v. Board of Civil Service Commissioners*, 1 Cal. 3d 351, 360 (1969). California law places the burden of proving laches on the defendant "in aid of the salient policy favoring resolution of controversies on their merits." *Id.* at 361. Parties dispute whether unreasonable delay occurred due to differing statements of the available statutory remedies.

### (1) Plaintiff's analysis of unreasonable delay

Plaintiff asserts that laches does not apply because she has until August 21, 2020 to set aside the TPO and Writ. Her argument relies upon California Code of Civil Procedure § 473(b) and Bankruptcy Code[2] § 108. Section 473(b) authorizes the court to "relieve a party or his or her legal representative from [an] . . . order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."[3] Relief pursuant to this provision must be requested within a reasonable time, and in no case to exceed six months. As the TPO and Writ were issued within six months of the petition date, Debtor asserts this six-month period is extended for two years from the petition date by Bankruptcy Code § 108(a).

Plaintiff's application of § 473(b) is incorrect, rendering Bankruptcy Code § 108(a) inapplicable. Throughout the pleadings, Plaintiff contends Defendant failed to satisfy the requirements for a TPO or Writ by not providing an undertaking prior to their issuance. Her arguments focus solely on the error of Defendant, the court, or the clerk. But § 473(b) is limited to errors by the moving party. *Don v. Cruz*, 131 Cal. App. 3d 695, 792 (Cal. Ct. App. 1982) (Section 473 "has no application to judicial mistakes but only to mistake, inadvertence,

---

[2] 11 U.S.C. §§ 101 *et seq.* ("Bankruptcy Code").

[3] In objecting to application of the *American Contractor's* analysis, Plaintiff relies on the position that the Writ is not a final order. An order authorizing a writ of attachment is an appealable order. *See* Cal. Code Civ. Proc. §904.1(a)(5); *California Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Estate Group*, 193 Cal. App. 4th 849 (Cal. Ct. App. 2011).

surprise or excusable neglect *of the moving party*." (emphasis added)).  Further, the party asserting mistake under § 473(b) carries the burden of identifying his or her error justifying relief.  *See Hopkins & Carley v. Gens*, 200 Cal. App. 4th 1401, 1410 (Cal. Ct. App. 2011).  At no point does Plaintiff allege mistake, inadvertence, surprise or excusable neglect by herself or her counsel. Thus, § 473(b) does not provide a means for Plaintiff to obtain relief from the TPO or Writ.

Alternatively, Plaintiff argues in her supplemental briefs [Dkt. # 34 and 36] that the clerk's office erred. Arguably, she could seek to amend the Writ on this basis pursuant to § 473(d); which allows the court to correct clerical mistakes in judgments or orders, or to set aside any void judgment. However, the authority to correct a clerical mistake pursuant to this subsection only applies to an order that is void, not voidable. *See Lee v. An*, 168 Cal. App. 4th 558, 563 (Cal. Ct. App. 2008) (applying *American Contractors* to find order voidable, thus not eligible for amendment pursuant to § 473(d)).

Without the ability to seek relief pursuant to § 473, Plaintiff has not established a period within which she may commence an action that did not expire prior to her bankruptcy filing. As such, Bankruptcy Code § 108 does not apply to provide a further extension.  *See USACM Liquidating Trust v. Deloitte & Touche*, 754 F.3d 645 (9th Cir. 2014).

(2) Defendant's analysis of unreasonable delay

In contrast, Defendant asserts that to the extent Plaintiff seeks to challenge the TPO or Writ it should have occurred through filing an appeal.[4]  *See* Cal. Civ. Proc. § 904.1(a)(5) (authorizing appeal from an order granting a right to attach order).  California Rule of Court 8.406 limits the period for filing an appeal to 60 days. The orders granting the TPO and further extending it were entered more than 60 days prior to the petition date. The RTAO was entered on June 28, 2019.  The time for filing an appeal thus expired on August 27, 2018 –

---

[4] In its Opposition to Supplemental Brief [Dkt. # 35], p. 7, l. 8-13, Defendant addressed the expiration of the time to file an appeal from the orders extending the TPO.  The same analysis is applied to the Writ in the interest of judicial efficiency.

five days after Plaintiff filed her bankruptcy petition. As the time for filing an appeal did not expire prepetition, Bankruptcy Code § 108(b) applies. Section 108(b) extends the time for doing certain acts, including filing an appeal, to the later of 60 days after the petition or the end of the period provided by other applicable law. *See Local Union No. 38 v. Custom Air Systems, Inc.*, 333 F.3d 345, 346-48 (2d Cir. 2003). Therefore, Plaintiff had until October 21, 2018 to file an appeal or other similar act. No appeal of the RTAO was taken during this period nor did the filing of this adversary proceeding occur during it. As such, I find that that Plaintiff unreasonably delayed in challenging the RTAO or Writ.

Further, Defendant sets forth that the second requirement is also met – that Defendant was prejudiced by the delay. Specifically, since Plaintiff first asserted the issue post-bankruptcy Defendant was not able to cure it prior to the bankruptcy filing. As a result, Defendant's secured claim is under attack.

As Defendant satisfies both elements of a laches claim, the court finds that the equitable defense of laches applies to bar Plaintiff from asserting the TPO and Writ are void.

### c. *Plaintiff's Unclean Hands*

Defendant asserts that Plaintiff comes to the bankruptcy court with unclean hands, and as such, she should be prohibited from asserting Defendant's Writ is voidable. Defendant asserts that the TPO and Writ were issued based on Defendant's claim that Plaintiff embezzled significant funds from it. Plaintiff asserts that Defendant applies unclean hands too broadly and would use it to bar Plaintiff relief provided for in bankruptcy.

The doctrine of unclean hands requires that a party seeking relief "shall have acted fairly and without fraud or deceit as to the controversy in issue." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985). "[D]etermining whether the doctrine of unclean hands precludes relief requires balancing the alleged wrongdoing of the [party seeking relief] against that of the [party opposing], and 'weigh[ing] the substance of the right asserted by [the party seeking relief] against the transgression which, it is contended, serves to foreclosure that

1  right.'" *Northbay Wellness Group, Inc. v. Beyries*, 789 F. 3d 956, 960 (9th Cir. 2015) (quoting

2  *Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347, 350 (9th Cir. 1963)).

3      The issue here is how to define the controversy in issue. In its broadest form, the

4  controversy pits Plaintiff's alleged embezzlement from Defendant against Defendant's

5  attempt to ensure recovery from Plaintiff.  In this context, Plaintiff's alleged embezzlement

6  over multiple years is the greater wrong than Defendant's failure to satisfy the statutory

7  requirement of posting an undertaking prior to issuance of the Writ. Yet, to view the analysis

8  in this manner draws too large of a circle because it would also call into question whether a

9  debtor who commits bad acts harmful to a creditor could obtain bankruptcy relief where that

10  creditor's recovery might be reduced. It also ignores the fact that a bankruptcy case is not

11  binary. Changes to the classification or amount of a claim often affect other creditors in the

12  case more than it does the debtor. Thus, defining the controversy in this manner is too broad.[5]

13      The controversy in interest should therefore be framed more narrowly. "The

14  misconduct that brings the clean hands doctrine into play must relate directly to the cause at

15  issue.  Past improper conduct or prior misconduct that only indirectly affects the problem

16  before the court does not suffice."  *Kendall-Jackson Winery, Ltd. V. Superior Court,* 76 Cal.

17  App. 4th 970, 979 (Cal. Ct. App. 1999).  As a result of Plaintiff's alleged embezzlement, the

18  state court issued a TPO and Writ in Defendant's favor. But Defendant did not provide the

19  required undertaking prior to issuance of the TPO or Writ.  Defendant seeks to protect the

20  Writ from Plaintiff's challenge based on Plaintiff's actions prior to suit. But Plaintiff took no

21  action that prohibited Defendant from posting the undertaking, nor from seeking authorization

22  to post an undertaking after the fact. Further, Plaintiff's challenge based on the undertaking is

23  just one of multiple claims within this case that seek to limit Defendant's claim by type or

24  amount. Viewed with this narrowed lens, Plaintiff's inaction regarding the undertaking does

25  not outweigh Defendant's error in its posting.  Accordingly, the court finds that Plaintiff's

26

27

28

---

[5] Whether a debtor should obtain a discharge of all debts or a particular debt is a different question from the debtor's ability to participate in the bankruptcy process.

actions during the state court case and bankruptcy case do not outweigh Defendant's such that Defendant's error should be excused on the basis of Plaintiff's unclean hands.

    *d.   Estoppel*

In its supplemental brief [Dkt. #33], Defendant asserts that estoppel should apply and states the concept underlying the doctrine. No argument is made for relief on grounds other than those addressed above, so further analysis is not required by the court.

*Conclusion*

For the reasons stated herein, the court denies Plaintiff's request to alter the prior ruling to find that the TPO and Writ obtained by Defendant are void and grants the parties' request to amend the prior ruling to determine whether equitable grounds prohibit Plaintiff from seeking to set aside the voidable TPO and Writ. The court further finds that laches applies to bar Plaintiff from voiding the TPO and Writ based on the failure to post an undertaking.

An order consistent with this memorandum is issued contemporaneously herewith.

***END OF MEMORANDUM DECISION***

**COURT SERVICE LIST**

All ECF Participants

UNITED STATES BANKRUPTCY COURT
for the Northern District of California